UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY BARR, | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:00 CV 1706 RWS |
| EILEEN RAMEY, | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

Petitioner Timothy Barr has filed a Federal Rules of Civil Procedure 60(b) motion for relief from my March 12, 2004 order denying his habeas corpus petition. My order adopted the Report and Recommendation of United States Magistrate Judge Terry I. Adelman. Barr's appeal of my order to the United States Court of Appeals for the Eight Circuit was denied.

In his present motion Barr asserts that three of his grounds for relief that I found to be procedurally barred should now be reviewed under the United States Supreme Court's holding in Martinez v. Ryan, 566 U.S. 1 (2012). Because Barr did not file his Rule 60 motion in a reasonable time it will be denied. Barr's motion will also be denied because the Martinez decision does not apply to Barr's grounds for relief.

On May 12, 1997, a jury in the Circuit Court of St. Louis County, Missouri, found Barr guilty of first-degree murder, three counts of first-degree assault, and four counts of armed criminal action. Barr was accused of drive-by shooting and killing Brenda Verges, a forty-five year old mother of eight, and of shooting Mario Johnson, a twenty-five year old man, while feuding with gang members. He pursued a direct appeal in state court as well as post-conviction relief.

Barr raised four grounds in his habeas petition. First, he asserted that the trial court erred in admitting evidence of uncharged crimes. Second, Barr argued that the state committed prosecutorial misconduct for commenting on Barr's failure to testify. Third, Barr asserted ineffective assistance of trial counsel. Fourth, Barr asserts that his postconviction appellate counsel was ineffective.

Barr's first ground for relief, that the trial court erred in admitting evidence of uncharged crimes, was denied on the merits in my order and affirmed on appeal. The last three grounds were all denied as procedurally defaulted for failing to raise them in state court. "Missouri procedure requires that a claim be presented 'at each step of the judicial process' in order to avoid default." Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (citations omitted). "Claims that have not been presented for state court review are procedurally defaulted." Malone v. Vasquez, 138 F.3d 711, 716 (8th Cir. 1998) (citations omitted). A federal court has no authority to reach the merits of a

2

procedurally defaulted claim because the petitioner has failed to raise those claims as required by state rules.  Sawyer v. Whitley, 505 U.S. 333, 338 (1992) (citations omitted).

Barr's present motion is brought under Rule 60(b)(6) which provides relief from a judgment on "any other reason that justifies relief."  That rule provides for extraordinary relief "only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress."  Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005).  Rule 60(c) states that the motion must be brought within a reasonable time.  Barr's habeas petition was denied in 2004.  His present motion asserts that his defaulted grounds for relief should be addressed under the holding in Martinez.  However, Martinez was decided in 2012 more that six years before Barr filed his present Rule 60 motion.  Barr's delay in waiting over six years to bring seek relief under Martinez fails to satisfy Rule 60's requirement that a motion must be brought within a reasonable time.  As a result, his motion will be denied on that ground.

Moreover, Barr's Rule 60 motion fails because Martinez does not open the door for a review of Barr's procedurally defaulted grounds for relief.  In Martinez, the United States Supreme Court created a limited exception to the Court's previous ruling in Coleman v. Thompson, 501 U.S. 722, 754-755 (1991) (that ineffective

3

assistance of counsel during postconviction proceedings cannot serve as cause to excuse a procedural default). The Martinez decision stated that a procedural default will not bar a federal habeas court from considering a substantial claim of ineffective assistance of trial counsel if the initial collateral-review proceeding counsel was constitutionally ineffective. 566 U.S. at 17. Under Martinez, a petitioner must establish that his initial postconviction counsel was constitutionally ineffective for failing to raise an ineffective assistance of trial counsel claim and that the underlying ineffective assistance of trial counsel claim is a substantial claim, that is, that it has merit. Id. at 15. This limited procedural default exception does not apply to a claim of ineffective assistance of postconviction appellate counsel. Id. at 16. Nor does the Martinez exception apply to claims of ineffective assistance of counsel on direct appeal. Davila v. Davis, 137 S. Ct. 2058, 2065 (2017).

Barr's first and third procedurally defaulted grounds for relief do not fall under the exception provided by the Martinez decision. The first defaulted ground asserts that the State committed prosecutorial misconduct during his trial.[1] Barr failed to

---

[1] Barr claims that in closing argument the prosecutor commented on Barr's failure to testify. The record does not support that allegation. The prosecutor stated that evidence that Barr was in the car involved in the shooting was "uncontradicted." Such a comment was not an indirect comment on Barr's failure to testify. Even if it were the comment would not require reversal. "To obtain a reversal for prosecutorial misconduct, the defendant must show that "(1) the prosecutor's remarks were improper, and (2) such remarks prejudiced the defendant's rights in obtaining a fair trial." United States v. Crumley, 528 F.3d 1053, 1064 (8th Cir.2008) (citations omitted). Even when a prosecutor's comments are determined to be improper, the court, in determining whether to reverse the conviction, must consider "the cumulative

raise this ground in his direct appeal. This ground is not based on an ineffective assistance of counsel claim. Even if it were, the ground for relief would be a claim for the ineffective assistance of appellate counsel. Martinez does not apply to such a ground for relief. Davila, 137 S. Ct. at 2065. More importantly, this ground for relief was raised in Barr's postconviction motion and in his postconviction appellate motion. The Missouri courts' clearly reasoned denial of this ground for relief was not contrary to, or an unreasonable application of, federal law or was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding which would entitle Barr to habeas relief. See 28 U.S.C. § 2254(d)(1) and (2).

Barr's third defaulted ground for relief asserts a claim of ineffective assistance of his postconviction appellate counsel. The Martinez decision specifically states it does not apply to errors of postconviction appellate counsel. 566 U.S. at 16.

Nor does Martinez excuse Barr's second procedurally defaulted ground for relief. In that ground Barr asserts that his trial counsel was constitutionally ineffective for failing to: 1) "adequately conduct a proper investigation into the

---

effect of the improprieties, the strength of the evidence against the defendant, and whether the district court took any curative action." Id. In his traverse Barr argued that the evidence against him was "very flimsy" because the only evidence was his fingerprint on the window of the passenger door of his own car. Barr overlooks the fact that three .30 caliber spent shell casings were found in the car shortly after the shooting and that he was identified as the shooter by two of his victims at trial. The prosecutor's remark did not prejudice Barr's right to a fair trial.

5

statement made by State's witness [Mario] Johnson;" 2) "file any pretrial motions to suppress identification;" 3) "investigate and call requested witnesses (alibi);" and 4) "call rebuttal witnesses." However, these claims were raised in Barr's initial postconviction proceeding under Missouri Supreme Court Rule 29.15. Martinez is limited to claims regarding initial postconviction counsel to ensure that claims of ineffective assistance of trial counsel are reviewed by at least one court. 566 U.S. at 10-11. Barr received that review. These claims were defaulted because Barr's postconviction appellate counsel failed to raise them in the postconviction appeal. As stated above, the ineffective assistance of postconviction appellate counsel is not recognized as cause to excuse a procedurally defaulted claim under Martinez. As a result, Barr's Rule 60 motion will be denied.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). I believe that Barr has not made such a showing on the grounds raised in his motion. Therefore, I will not issue a certificate of appealability.

Accordingly

**IT IS HEREBY ORDERED that** Petitioner Timothy Barr's motion for relief from judgment [27], motion to appoint counsel [28], motion to proceed in forma pauperis [29], and motion for an evidentiary hearing [30] are **DENIED**.

**IT IS FURTHER ORDERED that** the Court will not issue a certificate of appealability.

                                                    RODNEY W. SIPPEL
UNITED STATE DISTRICT JUDGE

Dated this 2nd day of July, 2019.